IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-cv-881-MEF-TFM |
| | ) |
| CENTERS FOR MEDICARE & | ) (WO - DO NOT PUBLISH) |
| MEDICAID SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

There is a "bright-line distinction" between named parties and amicus curiae. *Wyatt v. Hanan*, 868 F. Supp. 1356, 1358 (M.D. Ala. 1994) (inner quotations omitted). This line "centers around control of the litigation." *Id.* The named parties control the lawsuit, and the amicus can only respond to the remaining issues presented by the parties. *See id.* "An amicus cannot initiate, create, extend, or enlarge issues." *Id.* at 1358–59. "Further, an amicus has no right to appeal or dismiss issues." *Id.* at 1359. Therefore, with respect to an amicus curiae, the Court "will be vigilant in ensuring that [its] participation is limited to addressing the issues before the court and does not rise to the level of taking control of the lawsuit." *Id.* at 1360. With those considerations in mind, it is hereby

ORDERED that the Michigan Department of Community Health's Motion and Brief to Intervene as Amicus Curiae (Doc. #48) is GRANTED.

DONE this the 20th day of August, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE